IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GABRIEL Q. FRAZIER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:21-CV-523-WHA-SMD [WO] |
| MONTGOMERY COUNTY JAIL, et al., | ) ) ) | |
| Defendants. | ) ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Gabriel Frazier filed this 42 U.S.C. § 1983 action on August 6, 2021. On August 13, 2021, the Court entered an Order of Procedure. Doc. 4. The Order directed Defendants to file an Answer and Written Report and also directed Plaintiff to immediately inform the court and Defendants or Defendants' counsel of record of any change in his address. *See* Doc. 4, ¶8. The Order also informed Plaintiff that his failure to provide a correct address to the Court within ten days following any change of address would result in the dismissal of this action. *Id.*

On October 14, 2021, Plaintiff's copy of a Court document filed October 4, 2021 (Doc. 12), was returned to the Court marked as undeliverable because Plaintiff is no longer detained at the last service address he provided.[1] Accordingly, the Court entered an Order on October 15, 2021, requiring that by October 25, 2021, Plaintiff file with the Court a

---

[1] The last service address of record for Plaintiff is the Montgomery County Detention Facility in Montgomery, Alabama.

current address or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 15. This Order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown and informed him his failure to comply with its directives would result in the dismissal of this case. *Id*. Plaintiff's copy of the October 15, 2021, Order was returned to the Court on November 3, 2021, marked as undeliverable. The Court therefore concludes this case should be dismissed.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co*., 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the undersigned finds that Plaintiff has willfully failed to file a response in compliance with the Court's October 15, 2021, Order. And considering Plaintiff's disregard for orders of this Court, the undersigned further finds sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is ORDERED that objections to the Recommendation must be filed **by November 17, 2021**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the District Court.

This Recommendation is not a final order and, therefore, it is not appealable. Failure to file written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of November, 2021.

      /s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE